# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| RYAN PYLE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:16-CV-98-RL-JEM |
| | ) | |
| THE TRUSTEES OF PURDUE UNIVERSITY, | ) | |
|     Defendant. | ) | |
| | ) | |
| TENECIA WADDELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:17-CV-13-PPS-JEM |
| | ) | |
| THE TRUSTEES OF PURDUE UNIVERSITY, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel, [DE 39] in *Pyle,* 4:16-CV-98-RL-JEM; [DE 37] in *Waddell,* 4:17-CV-13-PPS-JEM, filed by Plaintiffs on January 5, 2018. Defendant filed a response on January 26, 2018. Plaintiffs did not file a reply, and the time to do so has passed.

**I.    Analysis**

The two cases, consolidated for purposes of discovery, allege employment discrimination, harassment, and retaliation arising under Title VII of the Civil Rights Act of 1964, as a result of actions taken against Plaintiffs Waddell and Pyle by their former employer, Purdue University Police Department.

Plaintiffs move to compel Defendant to fully respond to Plaintiffs' discovery requests. Plaintiffs attached their requests to the instant Motion, but have not attached Defendant's responses. In addition, they have not provided a separate Rule 37 certification indicating attempts to resolve the discovery conflict without Court involvement. Defendant argues that the failure to adequately confer dooms Plaintiffs' motion.

A.  Rule 37 Certification

Federal Rule of Civil Procedure 37 provides that a motion "for an order compelling disclosure or discovery . . . must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Northern District of Indiana Local Rule 37-1 provides, "A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1. The Court may deny a motion to compel if it is not accompanied by a proper certification. *Id.*

Plaintiffs do not include a separate Rule 37 certification, but do include a section in their Motion briefly outlining attempts to resolve the dispute. Plaintiffs indicate that they exchanged several emails to counsel for Defendant regarding the disputed discovery, including indicating that failure to obtain resolution would result in the filing of a motion to compel. Plaintiffs do not attach the correspondence, merely summarizing its contents. The Court does not find the bare representations of Plaintiffs to be fully satisfactory in complying with the requirements of Federal Rule 37 and Local Rule 37-1, but recognizing that there was at least some attempt to confer prior to filing the instant Motion, and noting the late stage of discovery in this case, will not deny the

2

Motion on those grounds.

B. <u>Merits of the Motion to Compel</u>

Plaintiffs argue that Defendant has failed to provide discovery based on an improperly narrow conception of comparatively situated employees. Defendant argues that it is Plaintiffs whose conceptions are inconsistent with prevailing case law, and that after receiving the Motion they supplemented the discovery such that Plaintiffs have now received most of the information they request.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, it provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "[A] party is entitled to seek discovery on its theory of the facts and the law, and is not limited in discovery by the opponent's theory." 8 C. Wright & A. Miller, Federal Practice and Procedure § 2011 (3d ed. 2008); *see also Shott v. Rush Univ. Med. Ctr.*, No. 11 C 50253, 2013 WL 2368073, at *1 (N.D. Ill. May 29, 2013) ("In the year 2000, the scope of discovery changed from matters 'relevant to the subject matter involved in the pending action' to matters 'relevant to the claim or defense of any party.' Therefore, the pleadings now establish what is relevant.") (quoting Fed. R. Civ. P. 26(b)(1); citing *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir.2009); *Sallis v. University of Minn.*, 408 F.3d 470, 477–78 (8th Cir.2005)). A party may seek an order to compel

3

discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

In their motion, Plaintiffs request that the Court compel information related to other employees, including investigations into allegations against them, amorous relationships between other employees and the consequences suffered by participants, false statements made by other employees, and records of polygraph examinations. They argue that this information is relevant to determining whether there were other employees of Purdue who were similarly situated to Plaintiffs but treated differently. *See, e.g., Majors v. Gen. Elec. Co.*, 714 F.3d 527, 537 (7th Cir. 2013) (explaining that one of the tenets of the indirect method of proof in a discrimination case is showing that a plaintiff "was treated less favorably than similarly situated employees who did not engage in statutorily protected activity").

After receiving the instant Motion, Defendant asserts that it supplemented a number of its responses to the discovery requests. There are two requests still outstanding:

Plaintiffs request information regarding investigations into the conduct of Captain Tim Potts, arguing that in at least one investigation his testimony was determined to be not credible, but that the discipline he received was less than that received by Plaintiffs for their alleged falsehoods. Defendant asserts that Plaintiffs have not identified the investigation to which they are referring, or

4

otherwise limited the request. The Court agrees that the request as written is overbroad in scope. However, to the extent that Plaintiffs can provide any information to Defendant regarding the subject(s) and/or time period(s) of the alleged investigation(s) and discipline, Defendant must provide information about those particular investigations and their results to Plaintiffs.

Plaintiffs also request information regarding all occasions when Purdue University Police Department employees were subjected to a polygraph examination, going back ten years, and information about any time a response to one of those polygraph examinations was false, likely false, or probably false. Plaintiffs argue that they are entitled to determine whether they were forced to submit to polygraph examinations when others were not. Defendant argues that the request is overbroad and seeks private information about too many employees in a manner not sufficiently targeted to obtain relevant information. The Court agrees that Defendant need not provide specific information about the content of every polygraph examination it has utilized since 2008. The question of whether Plaintiffs were treated differently with respect to their polygraph examinations is, however, relevant to their claims. Accordingly, Defendant must provide information summarizing its use of polygraph examinations: how many have been utilized in the past ten years and the circumstances for which each was required, as well as how many of those examinations resulted in a conclusion that the subject made a false or likely false response to a question germane to the employment reason for requesting the polygraph. Depending on the results of this anonymous data, it might be relevant and appropriate for Defendant to supplement its response with additional information regarding the follow up with respect to the false responses, although the Court will not at this time order Defendant to provide all documents and things related to the results of those polygraph examinations.

5

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part** Plaintiffs' Motion to Compel, [DE 39] in *Pyle,* 4:16-CV-98-RL-JEM; [DE 37] in *Waddell,* 4:17-CV-13-PPS-JEM and **ORDERS** Plaintiffs to provide the clarifying information and Defendant to serve on Plaintiffs the information as outlined above within thirty days.

Because much of the requested discovery was provided after the motion was filed and the motion to compel is granted in part, "the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Accordingly, the Court hereby **ORDERS** Plaintiffs to **FILE**, on or before **April 26, 2018**, an itemization of their costs and fees, including attorney's fees, incurred in making the Motion to Compel along with argument as to why those expenses are reasonable in this situation, particularly addressing their failure to thoroughly comply with the requirements of Local Rule 37-1. Defendant is to **FILE** a response with the Court to Plaintiffs' request for reasonable expenses incurred in making the instant Motion on or before **May 10, 2018**.

The Court **ORDERS** that the discovery deadline in this case is extended through **May 21, 2018**, and the expert discovery deadline is extended through **June 25, 2018**. The parties are to complete mediation and file a mediation status report with the Court on or before **June 25, 2018**.

SO ORDERED this 11th day of April, 2018.

       s/ John E. Martin
      MAGISTRATE JUDGE JOHN E. MARTIN
      UNITED STATES DISTRICT COURT

cc:    All counsel of record