**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| RYAN PYLE,<br>　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | CAUSE NO.: 4:16-CV-98-RL-JEM |
| THE TRUSTEES OF PURDUE<br>UNIVERSITY,<br>　　Defendant. | )<br>)<br>)<br>) | |
| | ) | |
| TENECIA WADDELL,<br>　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | CAUSE NO.: 4:17-CV-13-PPS-JEM |
| THE TRUSTEES OF PURDUE<br>UNIVERSITY,<br>　　Defendant. | )<br>)<br>)<br>) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel Plaintiff to Appear for a Rule 35 Examination [DE 29] in *Pyle,* 4:16-CV-98-RL-JEM; [DE 26] in *Waddell,* 4:17-CV-13-PPS-JEM, filed by Defendant on October 19, 2017. Plaintiff Waddell responded on November 9, 2017, and on November 16, 2017, Defendant filed a reply.

This action involves allegations of employment discrimination, harassment, and retaliation arising under Title VII of the Civil Rights Act of 1964. Plaintiff Waddell seeks damages for, as is relevant to this Motion, emotional and psychological distress that allegedly occurred as a result of her treatment by Defendant, her prior employer. Upon review of Plaintiff Waddell's psychiatric treatment records, Defendant learned that Plaintiff Waddell was diagnosed with and received treatment for certain psychiatric disorders several years prior to her termination by Defendant.

Defendant seeks an order compelling a mental examination of Plaintiff Waddell to determine the causes of Plaintiff Waddell's alleged mental health conditions, the dates when her symptoms and/or conditions began, and the extent to which her conditions were caused or exacerbated by alleged actions of Defendant.

Federal Rule of Civil Procedure 35 provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). A court may only order an examination "on motion for good cause." Fed. R. Civ. P. 35(a)(2)(A). These two provisions constitute the "in controversy" and "good cause" requirements of Rule 35. *See Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Thus, before a court may compel a party to submit to a mental or physical examination under Rule 35, the movant must demonstrate (1) that the party's mental or physical condition is actually in controversy and (2) that there is good cause for the examination. *Id.* at 118-19.

Defendant seeks a psychological examination by the Director of Psychology for Public Safety Medical, a clinically licensed psychologist who performs pre-employment psychological evaluations and fitness-for-duty examinations for individuals in public safety positions. Defendant argues that Plaintiff Waddell put her mental condition in controversy by asserting a mental injury and seeking damages for emotional distress beyond just garden variety emotional distress damages. It argues that there is good cause for an examination because Plaintiff Waddell's mental health records include conditions that began before Plaintiff Waddell's terminations and include mental health symptoms for which Plaintiff Waddell is not seeking recovery in this suit. Accordingly,

2

Defendant argues, it has good cause to examine Plaintiff Waddell to determine which mental health symptoms were attributable to causes other than Defendant's alleged actions. Plaintiff Waddell does not dispute that she has put her mental conditions in controversy in the case, but argues that the primary effect and purpose of Defendant's request is to harass, intimidate, or embarrass Plaintiff Waddell, and characterizes the examination as a hostile expert witness examination. She does not object to the particular credentials of the identified examiner or argue that he is not suitably licensed or certified to perform the exam in question in this case. Plaintiff Waddell does argue that her medical records alone are sufficient to allow Defendant to determine what symptoms were caused or exacerbated by Defendant's alleged conduct.

Demonstrating good cause for an exam requires a movant to make "a greater showing of need than the relevancy already indicated by Rule 26(b) and can be gauged by the ability of the movant to obtain the desired information by other means." *Heath v. Isenegger*, Civil No. 2:10-cv-175, 2011 WL 2610394, at *1 (N.D. Ind. July 1, 2011); *see also Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) (holding that the good cause requirement of Rule 35 "require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. . . . [and t]he ability of the movant to obtain the desired information by other means is also relevant").

In this case, Defendant has already received Plaintiff Waddell's mental health records and determined that it indicates other mental health symptoms and diagnoses other than those directly claimed by Plaintiff Waddell in this dispute. It has shown good cause for obtaining a mental examination to determine which symptoms are attributable to Defendant's alleged actions. There is no other apparent method of obtaining the information, and Plaintiff Waddell does not suggest

3

one. Accordingly, the Court concludes that Defendant has shown that Plaintiff Waddell's mental health is in controversy and there is good cause for a mental examination to determine which of Plaintiff Waddell's symptoms and diagnoses might have been caused by Defendant's alleged actions or predate them.

The final requirement of a Rule 35 order is that it "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." F. R. Civ. P. 35(a)(2)(B). Defendants have indicated that the evaluation will be conducted by Dr. Mike Maguire, a clinically licensed psychologist, at Public Safety Medical, his place of employment, and that the evaluation would begin in the morning and last for at least four hours. Plaintiff Waddell has not objected to any of these specific details of the Rule 35 examination.

For the foregoing reasons, the Court hereby **GRANTS** the Motion to Compel Plaintiff to Appear for a Rule 35 Examination [DE 29] in *Pyle,* 4:16-CV-98-RL-JEM; [DE 26] in *Waddell,* 4:17-CV-13-PPS-JEM, and **ORDERS** that on or before **May 21, 2018**, Plaintiffs shall make Tenecia Waddell available for a mental evaluation on a date mutually convenient for Plaintiff Waddell and the evaluator. The mental evaluation shall be conducted by Dr. Mike Maguire at Public Safety Medical. It shall begin no earlier than 7:45 a.m. and shall last for at least four but no more than seven hours in total. If so desired, the parties may agree to split the seven hours over more than one day.

SO ORDERED this 11th day of April, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record